UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

SCIOTO CONSTRUCTION, INC., )
 )
      Plaintiff, )
 ) CASE NO. 4:99-CV-83
v. ) *Edgar / Lee*
 )
ANTHONY R. MORRIS d/b/a M&M )
DRYWALL COMPANY )
 )
      Defendant. )

## REPORT and RECOMMENDATION

**I.**    **Introduction**

Before the Court is the motion to show cause and for sanctions filed by Plaintiff, Scioto Construction, Inc., against Defendant, Anthony R. Morris d/b/a M & M Drywall Company [Doc. No. 47]. Pursuant to 28 U.S.C. § 636(b)(1)(B), Plaintiff's motion has been referred for a report and recommendation and other action as necessary [Doc. No. 48].

**II.**    **Background**

On September 11, 2006, Plaintiff filed a motion to compel Defendant to respond to Plaintiff's post-judgment interrogatories and for sanctions [Doc. No. 36]. On January 9, 2007, the Court granted Plaintiff's motion to compel and ordered Defendant to provide full and complete answers to Plaintiff's post-judgment interrogatories on or before January 31, 2007 [Doc. No. 45 at 2].[1]

Plaintiff filed the instant motion for a show cause hearing and for sanctions on February 23,

---

[1] The January 9, 2007 order also awarded Plaintiff $1,189.50 in sanctions against Defendant and provided that Defendant should pay the aforementioned sanctions in full on or before July 11, 2007 [Doc. No. 45 at 2]. As of the date of this report and recommendation, the time for Defendant to comply with this aspect of the January 9, 2007 order has not elapsed.

2007, stating Defendant had not complied with the Court's order directing him to provide full and complete answers to Plaintiff's post-judgment interrogatories on or before January 31, 2007 [Doc. No. 47 at 2]. Plaintiff's motion seeks: (1) an order directing Defendant to appear at a hearing and show cause why he should not be held in civil contempt and (2) an award of sanctions against Defendant for Plaintiff's reasonable expenses, including attorney's fees, in connection with its motion [Doc. No. 47]. Defendant did not timely file a response to Plaintiff's motion. Thus, pursuant to E.D. TN LR 7.2, Defendant waived opposition to the relief sought in the motion.

On April 3, 2007, the Court issued an order granting the aspect of Plaintiff's motion that sought a show cause hearing to determine whether Defendant should be held in civil contempt for his failure to comply with the Court's order directing Defendant to respond to Plaintiff's post-judgment discovery [Doc. No. 49 at 5]. The order scheduled a hearing on Plaintiff's motion to show cause for May 4, 2007, and directed Defendant to either personally appear at the hearing or to provide full and complete answers to Plaintiff's post-judgment discovery [*id.*].

The April 3, 2007 order also provided notice[2] to Defendant that his failure either to appear at the show cause hearing or to provide full and complete answers to Plaintiff's post-judgment discovery may result in Defendant being found in civil contempt of the Court's January 9, 2007 order [Doc. No. 49 at 2-3]. In addition, the April 3, 2007 order provided notice to Defendant that a finding of civil contempt may also result in his being required to pay monetary fines or be incarcerated until such time as he complied with the Court's order to provide full and complete

---

[2] Plaintiff and the Court have made all reasonable efforts to provide notice to Defendant by sending pleadings and orders to the Defendant at all of his last known addresses [*see* Doc. Nos. 50 & 51]. Even after the May 4, 2007 hearing, the Plaintiff attempt in-person contact with Defendant and confirmed his address with the person who answered the door at Defendant's residence [Doc. No. 51].

answers to Plaintiff's post-judgment discovery [*id.* at 3-4].

As scheduled, the show cause hearing was held on May 4, 2007. Todd E. Panther, attorney for Plaintiff, was present for the hearing. Defendant failed to appear at the show cause hearing. Based on representations by Attorney Panther, Defendant also failed to provide any responses to Plaintiff's post-judgment discovery as of the hearing date.

**III.    Analysis**

    **A.    Civil Contempt**

        **1. Legal Standards for Civil Contempt**

Among other things, contempt of a federal court consists of "disobedience or resistance to a court's lawful writ, process, order, rule, decree or command." *Morales Feliciano v. Hernandez Colon*, 697 F. Supp. 26, 34 (D. Puerto Rico 1987) (quoting 180 U.S.C. § 401). "An act or omission in violation of an order of a court may subject a party either to criminal or civil contempt, or both." *Id.* (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258 (1947)).

Civil contempt serves two distinct purposes: (1) "civil contempt is used to enforce, through coerciveness, compliance with a court's order" and (2) "civil contempt can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct." *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 n.5 (6th Cir. 1999) (quoting *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 400 (5th Cir. 1987)). A contempt finding which has a "coercive and/or a remedial function" is a civil, not a criminal, contempt. *Id.* at 596.

"Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003) (quoting *NLRB v. Cincinnati Bronze,*

*Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir.), *cert. denied*, 528 U.S. 880 (1999) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). This clear and convincing evidence must show the alleged contemnor "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Local Union 58*, 340 F.3d at 379 (quoting *Cincinnati Bronze*, 829 F.2d at 591)). "Clear and convincing evidence is not a light burden and should not be confused with the less stringent, proof by a preponderance of the evidence." *Id.*

Once the moving party has established a prima facie case of civil contempt, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Id.* (emphasis in original). To meet his burden of production in the Sixth Circuit, the alleged contemnor "must show categorically and in detail why he or she is unable to comply with the court's order." *Id.* (quoting *Rolex Watch, U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)).

A number of courts have addressed the issue of an appropriate remedy for civil contempt based on a failure to participate in discovery. In *Int'l Bhd. of Elec. Workers, Local 474, v. Eagle Elec. Co. Inc.*, No. Civ-2151-M1V, 2007 WL 622504, * 3-5 (W.D. Tenn. Feb. 22, 2007), the district court ordered one of the defendant's employees to give his deposition and produce certain requested documents. The employee failed to do so. *Id.* at * 6. The district court found the employee to be in contempt of court and ordered that he be detained until such time as he gave his deposition and produced the documents. *Id.* at * 1.

4

Likewise, in *Bank of Credit and Commerce Int'l (Overseas) Ltd. v. Tamraz,* No. 97 CIV. 4759 (SHS), 2006 WL 1643202, * 1 (S.D.N.Y. June 13, 2006), the district court ordered Tamraz to appear for his deposition and comply with the plaintiff's request for production of documents. When Tamraz failed to obey the district court's order, the court issued an order finding him to be in civil contempt based upon his failure to comply with the court's order, and ordered Tamraz to pay a fine of $500.00 daily until he appeared for deposition and complied with the request for production of documents. *Id.* When Tamraz still did not comply, the district court ordered that Tamraz be arrested and incarcerated until he complied with his discovery obligations. *Id.* at * 5.

In another case, *United States v. Stenzel*, No. 2:05-CV-148-FTM-33SP, 2006 WL 2860930, * 1 (M.D. Fla. Oct. 4, 2006), Stenzel was found to be in contempt for his failure to comply with the district court's order directing him to produce post-judgment discovery concerning his assets and holdings. The district court issued numerous orders attempting to get Stenzel to comply with its order. *Id.* The district court found Stenzel to be in civil contempt and ordered that he "be incarcerated until such time as he agrees to purge the contempt by producing the documents requested" in the government's motion to compel. *Id.*

Finally, in *La Forte v. Lorraine Cab Co.*, No. 93-1622, 1994 WL 456785, * 1-2 (6th Cir. Aug. 23, 1994) (per curiam), the plaintiff's attorney was held in civil contempt for failing to comply with the district court's orders assessing fees and costs against him and the district court held him in contempt and ordered him incarcerated until such time as he made an initial payment of at least $200. *Id.* at * 2. The Sixth Circuit affirmed the district court's actions. *Id.*

### 2. Finding of Civil Contempt

I find by the clear and convincing evidence that Defendant has not complied with the Court's

5

January 9, 2007 order because he has not provided any, let alone full and complete, responses to Plaintiff's post-judgment interrogatories. Despite being given notice in the April 3, 2007 order of the likelihood he could be found in civil contempt and the possible results of such a finding, Defendant did not avail himself of the opportunity to appear at the show cause hearing to show either that he had complied with, or was currently unable to comply with, the Court's January 9, 2007 order requiring Defendant to provide responses to Plaintiff's post-judgment interrogatories. Accordingly, I **RECOMMEND** that Defendant be found in civil contempt for his failure to comply with this Court's January 9, 2007 order.[3]

Given the monetary nature of the dispute between the Plaintiff and Defendant, the monetary sanctions previously imposed upon Defendant, and Defendant's defiance of orders issued by the Court despite notice of the possible consequences of such defiance, it appears likely that a per diem fine alone will fail to convince, persuade or coerce Defendant into providing full and complete answers to Plaintiff's post-judgment interrogatories. Therefore, in order to coerce Defendant to purge his civil contempt and comply with the Court's order directing him to provide full and complete answers to Plaintiff's post-judgment interrogatories, I **RECOMMEND** that Defendant be fined $100.00 daily for up to fifteen (15) days until he provides full and complete answers to Plaintiff's post-judgment interrogatories; and, if at the end of the fifteen day period Defendant has failed to provide said responses, upon certification of that failure by Plaintiff, I further **RECOMMEND** that Defendant be incarcerated until such time as he provides full and complete answers to Plaintiff's post-judgment interrogatories.

---

[3] Defendant also failed to comply with the Court's April 3, 2007 order requiring his attendance at the show cause hearing or compliance with the discovery in lieu of attendance at the hearing.

### B. Sanctions

Plaintiff seeks an award of $783.58 in sanctions against Defendant to compensate Plaintiff for the reasonable expenses, including attorney fees, incurred in connection with its motion to show cause and for sanctions [Doc. No. 47 at 3]. Attached to Plaintiff's motion is the affidavit of Attorney Panther [Doc. No. 47-2]. Attorney Panther's affidavit itemizes $16.58 in costs and $765.00 in attorney's fees, for a total of $781.58, in expenses related to Plaintiff's motion.

I find the number of hours and the hourly rates set forth in attorney Panther's affidavit are reasonable. Accordingly, I **RECOMMEND** Plaintiff be awarded $781.58 in reasonable expenses from Defendant in connection with its motion to show cause and for sanctions.

## IV. Conclusion

For the reasons set forth above, it is **RECOMMENDED**:[4]

(1) Defendant be found in civil contempt for his failure to comply with this Court's January 9, 2007 order;

(2) Defendant be fined $100.00 daily for up to fifteen (15) days from the entry of the Court's order with respect to this report and recommendation until he provides full and complete answers to Plaintiff's post-judgment interrogatories; and, if at the end of the fifteen day period Defendant has failed to provide said responses, upon certification of that failure by Plaintiff, Defendant be incarcerated until such time as he provides full and complete answers to said interrogatories; and

---

[4] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

(3) Plaintiff be awarded $781.58 in reasonable expenses from Defendant in connection with its motion to show cause and for sanctions.

The Clerk is **DIRECTED** to mail a copy of this report and recommendation to the Defendant at each of the five addresses set forth in the Certificate of Service attached to Attorney Panther's affidavit [Doc. No. 50 at 4].

                                                                                                 s/*Susan K. Lee*
                                                                                                  SUSAN K. LEE
                                                                                                  UNITED STATES MAGISTRATE JUDGE